RAMÓN G. GOICO, Plaintiff and Appellee, v. EDUARDO FLORES-COLÓN, Defendant.—FRANCISCO R. AREVALO and JOSÉ TORO RODRÍGUEZ, Sureties and Appellants.

No. 3631.  Argued January 15, 1926.—Decided March 4, 1926.

*Tomás Castillo* for the appellants.  *R. Arjona Siaca* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

A petition in bankruptcy having been filed in the Federal Court, this suit involves the right of the complainant and appellee to proceed not against the alleged bankrupt but against certain sureties who intervened to release goods of the defendant which were attached at the inception of the suit against him.

The judgment was rendered against the defendant on the 30th of January, 1924.  Before the judgment against the said defendant became non-appealable, as maintained by the ap-

pellants, the said defendant on the 27th day of February, 1924, filed a petition in bankruptcy. Some sort of a notice of the petition in bankruptcy was filed in the District Court of Ponce. After various initial proceedings the District Court of Ponce rendered judgment against the said sureties, who have appealed.

The first and second assignments of error involve the right of the complainant and appellee to proceed to obtain judgment against the sureties and to execute against their property pending the proceedings in bankruptcy in the United States District Court.

Ever since the case of *Muriente* v. *Terrasa*, 22 P.R.R. 686, it has been clear that judicial sureties, as were the appellants in this case, are responsible jointly and severally with the debtor. Their responsibility became fixed with the rendition of the judgment in this case. The continuance of the suit against them was, therefore, in no sense a proceeding against the bankrupt. *In re Mercedes Import Co.*, 166 Fed. Rep. 427; *Santiago* v. *Arés*, 25 P.R.R. 446. Where a creditor has a joint and several claim against three different persons there is no reason why the bankruptcy of one should prevent him from proceeding against the others.

Incidental matters not suggested by the appellee occur to us. The referee in bankruptcy filed the following notice in the District Court of Ponce:

"In the District Court of Ponce, Porto Rico.—In the matter of Eduardo Flores, Bankrupt. In Bkcy. No._____ Honorable Rafael Díaz Cintrón, Judge herein:—Comes now Allah Torres, Referee in Bankruptcy for the Ponce Division, and shows:—That there are several actions in this District Court against Eduardo Flores Colón who was adjudged a bankrupt on the 27th day of February, 1924:— That according to the Constitution and the laws pursuant thereto and especially the Bankruptcy Law of 1898 as amended, the Federal Court has exclusive jurisdiction over bankruptcy matters.—That the continuance of any action in the District Court of Ponce interferes and encroaches on the jurisdiction of the Federal Court.—Now, therefore, I suggest that an order be entered forthwith terminating

each and every action of the bankrupt or against him, and leaving at the disposal of this Court all of his estate or any property attached.— Dated at Ponce this 3rd day of March, 1924. Allah Torres, Referee in Bankruptcy.''

Without stopping to spend any time on whether the referee in bankruptcy, as distinct from the bankrupt, trustee or creditors, has any reason to make the suggestion in the local courts, we question the sufficiency of the notice made in this case. The provision of the Bankruptcy Law in question is as follows:

"Suits by and against bankrupts.—(a) A suit which if founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or if within that time such person applies for a discharge, then until the question of such discharge is determined." Act of July 1, 1898, 30 Stat. 549.

This provision is not self-executing, but in each case a notice of some kind should be directed to the parties who are trying a case in the local court. A general order made as a suggestion to the local district judge is insufficient. The judge is not bound to pay any attention to such a notice. The notice should contain a reference to any pending case whose stay is desired and be properly directed.

In the absence of any specific notice of the pendency of proceedings in the Federal Court the judgment of the District Court of Ponce became final and executionable. The judgment against the debtor was not in a pending action, although of course we are quite agreed that the local court lost all right or jurisdiction to issue execution against any goods of the bankrupt.

Likewise, we question the right of the sureties in this case to suggest the pendency of proceedings in the United States District Court. They have shown no interest in such

proceedings; they have no status as trustee or creditor or bankrupt. Their only claim as sureties should arise by virtue of the responsibility fixed upon them by the judgment in the local court. These additional suggestions of this court make for the affirmance of the judgment of the district court.

■ The appellants also made an assignment of error that the creditor was first bound to make discussion of the goods of the debtor. The appellants, however, do not argue this assignment, and the question is settled in the case of *Muriente* v. *Terrasa*, 22 P.R.R. 686, *supra*.

The judgment appealed from must be affirmed.